IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11-cv-122-RJC

| | |
|---|---|
| DAMEON MACK-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| FNU HICKS, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court upon initial review of Plaintiff's Complaint filed under 42 U.S.C. § 1983. (Doc. No. 1). The Court will briefly set out some of the allegations contained in Plaintiff's Complaint.

According to Plaintiff's Complaint, he is a state prisoner confined to the Alexander Correctional Institution within the Western District. Plaintiff alleges that on January 1, 2011, he was summoned to "Blue Unit Sgt's office" and there had an encounter with Defendant Hicks. Plaintiff maintains that Hicks began to curse him loudly and aggressively and backhanded Plaintiff in the face with a stack of papers. Plaintiff states that he felt threatened by Hicks and was compelled to defend himself. "As an involuntary reaction, [Plaintiff] instinctively stuck [his] arm and hand out to defend any oncoming blows." Hicks reacted and grabbed Plaintiff's arm and they both fell to the floor. (Id. at 4).

Plaintiff alleges Defendant Kelly Pennell arrived on the scene and, "instead of macing or assisting to restrain [Plaintiff] as policy suggests," Pennell began to beat Plaintiff with his baton on his back and the back of his head. (Id. at 5). Plaintiff contends Defendant Pritchard arrived and joined Pennell in beating Plaintiff on his back and head. While this continued, Plaintiff states

1

he was not resisting the defendants yet they continued to beat him.

Next, Plaintiff alleges Hicks placed him in handcuffs with his hands bound behind his back, and began to beat Plaintiff with his baton while Plaintiff was face down. At this point, Plaintiff contends Pennell forced his feet apart and began to grab at Plaintiff's genitals in an effort to "crush and abuse [Plaintiff's] testicles and manhood," and Plaintiff screamed out in extreme pain. (Id. at 5). Plaintiff alleges that Pritchard then lifted his head up and began hitting Plaintiff in the face with his baton in an apparent effort to knock out Plaintiff's teeth. Plaintiff contends that while one or more defendants struck him in the face with batons, Pennell continued to "sexually assault [Plaintiff's] private parts with both hands." Plaintiff states that Hicks "tired of trying to knock [Plaintiff's] teeth out" and then punched him square in the face, breaking Plaintiff's nose. (Id. at 5-6).

Plaintiff maintains that he was rushed to segregation and his injuries were observed by nurses within the prison. Plaintiff states that photographs of the injuries were made and he was then sent to the hospital where he underwent treatment. Plaintiff alleges that he suffered serious injuries at the hands of defendants and he required extensive, ongoing medical treatment.

Plaintiff claims the defendants' actions amounted to cruel and unusual punishment and excessive force under the Eight Amendment and that his constitutional rights have been violated. In his claim for relief, Plaintiff contends that because he suffered physical and mental injuries through the deliberate actions of defendants, each defendant should be sued for damages in the amount of $250,000, jointly and severally. (Id.). Plaintiff seeks $150,000 in punitive damages against each defendant. (Id. at 4-5). Plaintiff states that all defendants are sued in their individual capacity and that at all times alleged in the Complaint, defendants were acting under color of state law. (Id. at 7).

Upon a review of Plaintiff's allegations, the Court finds that Defendants should be required to respond to Plaintiff's Complaint.

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk of Court shall prepare process for each of the Defendants named in Plaintiff's Complaint and deliver the process to the U.S. Marshall;

2. The U.S. Marshall shall serve process upon each of the defendants;

3. Each of the defendants should file a response to Plaintiff's allegations in accordance with the Federal Rules of Civil Procedure; and

4. The Clerk of Court shall send a copy of this Order to Plaintiff.

Signed: May 30, 2012

Robert J. Conrad, Jr.
Chief United States District Judge